IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2003, MORGAN STANLEY ABS CAPITAL INC. TRUST 2003-NC8, ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 12 C 2607 |
| ALITA A. ABELL, CAPITAL ONE BANK (USA), N.A., SUCCESSOR IN INTEREST TO CAPITAL ONE BANK, CRESANDRA WILLIAMS, ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Alita Abell ("Abell"), the mortgagor co-defendant in this mortgage foreclosure action, has filed her Answer and Affirmative Defenses ("ADs") to the Complaint brought by Deutsche Bank National Trust Company as Trustee. Because that responsive pleading is problematic in a number of respects, this Court sua sponte strikes that pleading, but with leave granted to file a corrected version.

For one thing, Abell's counsel has ignored (and therefore not complied with) this District Court's LR 10.1. There is a good reason for that provision, and counsel must comply with it when she returns to the drawing board.

Next, Answer ¶ 1 says that no response is required to Complaint ¶ 1. No such exception is contained in Fed. R. Civ. P. ("Rule") 8(b) -- and more importantly, the allegation must obviously be admitted rather than denied.

There are a number of places where Abell's counsel attempts to invoke the disclaimer permitted by Rule 8(b)(5) (see Answer ¶¶ 2, 3, 5, 10(d), 10(l) and 10(n)). In every instance, counsel has inexplicably failed to follow the clear roadmap charted by that Rule. And beyond that, each attempted disclaimer is followed by "and therefore denies same." That is of course oxymoronic – how can a party that asserts (presumably in good faith) that it lacks even enough information to admit or deny an allegation (let alone to form a belief, as should have been asserted) then proceed to <u>deny</u> it in compliance with Rule 11(b)?

Next, Answer ¶ 1 is not the only place that Abell's counsel has made the unwarranted assertion that no response is required to the Complaint's allegations -- see Answer ¶¶ 7, 10(o), 10(q), 10(r) and 10(s). Counsel should take a fresh look at those allegations.

As stated at the outset, the present pleading is stricken, but with leave to file an appropriate responsive pleading on or before July 30, 2012. It should be added that this Court has made no effort to address the ADs, either in terms of their viability or otherwise -- that subject will be left to plaintiff's counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 20, 2012.