IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2003, MORGAN STANLEY ABS CAPITAL INC. TRUST 2003-NC8, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12 C 2607 |
| ALITA A. ABELL, CAPITAL ONE BANK (USA), N.A., SUCCESSOR IN INTEREST TO CAPITAL ONE BANK, CRESANDRA WILLIAMS, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This action, which is extraordinarily long in the tooth in terms of the mortgage foreclosure lawsuits that have become a significant component of this District Court's caseload, has somehow fallen between the cracks -- its pendency came to light again during this Court's recent case-by-case review of pending actions assigned to its calendar. Under the circumstances a brief review of the bidding may be appropriate.

One of the individual co-defendants, mortgagor Alita Abell ("Abell"), originally appeared through counsel. But after this Court had issued a brief July 22, 2012 memorandum order striking counsel's Answer and Affirmative Defenses, while granting leave to file a corrected version, nothing further was ever filed on Abell's behalf. So on September 4, 2012 the lawyer for plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed a motion for

summary judgment coupled with a motion for the appointment of a special commissioner.

Because efforts were then being made by the mortgagor to obtain a loan modification or perhaps to make other arrangements that would avoid foreclosure, the matter was continued from time to time until March 18, 2013, when Deutsche Bank's counsel withdrew its pending motions without prejudice to possible refiling. Further status hearings were then scheduled and held, but with no resolution of the matter having taken place during a several month period, Deutsche Bank refiled similar motions in mid-August 2013. Because Abell's counsel did not appear when that second summary judgment motion was noticed up for hearing, the matter was continued through three more status hearings until November 13, 2013, at which point this Court indicated that summary judgment would be forthcoming -- but at that point the case dropped off the radar screen.

With apologizes for the delay, this Court finds that Deutsche Bank's submissions have shown that there is no genuine dispute as to any material fact and that movant Deutsche Bank is entitled to a judgment as a matter of law, so that the entry of summary judgment is in order (see Fed. R. Civ. P. 56(a)). Accordingly Deutsche Bank's counsel is directed to deliver to this Court's chambers, for signature by this Court, two up-to-date order forms, one appointing Judicial Sales Corporation as special commissioner and the other setting out a judgment of foreclosure. This Court will promptly issue those appropriate orders.

                                                                _____
                                                                Milton I. Shadur
                                                                Senior United States District Judge

Date: January 15, 2014